

**CT Corporation**
**Service of Process Notification**
08/29/2022
CT Log Number 542204972

## Service of Process Transmittal Summary

**TO:** Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:** Process Served in South Carolina

**FOR:** Costco Wholesale Corporation  (Domestic State: WA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Donna M. Perry // To: Costco Wholesale Corporation |
| **CASE #:** | 2022CP2605424 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | CT Corporation System, Columbia, SC |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/29/2022 |
| **JURISDICTION SERVED:** | South Carolina |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/29/2022, Expected Purge Date: 09/13/2022 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223
866-665-5799
SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**HOPKINS LAW FIRM, LLC**
POST OFFICE 1885
PAWLEYS ISLAND, SOUTH CAROLINA 29585



7022 0410 0000 3643 7850



neopost
08/26/2022
US POSTAGE   $07.61

ZIP 29585
041L13808399

**VIA CERTIFIED MAIL**

Costco Wholesale Corporation
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223



29223-594828

# HOPKINS LAW FIRM, LLC
12019 OCEAN HIGHWAY
POST OFFICE BOX 1885
PAWLEYS ISLAND, SOUTH CAROLINA 29585
TELEPHONE: 843-314-4202
FACSIMILE: 843-314-9365
WWW.HOPKINSFIRM.COM

J. CLAY HOPKINS

CHARLESTON OFFICE
171 CHURCH STREET, SUITE 160
CHARLESTON, SOUTH CAROLINA 29401

August 26, 2022

**VIA CERTIFIED MAIL**

Costco Wholesale Corporation
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

      Re:    Donna M. Perry v. Costco Wholesale Corporation
               Civil Action No.: 2022-CP-26-05424

Dear Sir or Madam:

Please find enclosed Summons and Complaint in the above referenced matter which is herewith served upon you as Registered Agent for the Defendant Costco Wholesale Corporation.

                                Sincerely,

                                HOPKINS LAW FIRM, LLC

                                *Kathy Roberts*
                                Kathryn V. Roberts
                                Litigation Paralegal

/kyr
Enclosure

    cc:    Donna M. Perry

ELECTRONICALLY FILED - 2022 Aug 24 4:02 PM - HORRY - COMMON PLEAS - CASE#2022CP2605424

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>Donna M. Perry,<br><br>        Plaintiff,<br><br>v.<br><br>Costco Wholesale Corporation,<br><br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br>CIVIL ACTION NO.: 2022-CP-26-05424<br><br><br>**SUMMONS**<br>(Jury Trial Demanded) |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action. A copy of the Complaint is attached to this Summons and is herewith served upon you. Your answer must be in writing and signed by you or by your attorney and must state your address or the address of your attorney if signed by your attorney. Your answer must be served upon the undersigned attorneys for the Plaintiff within thirty (30) days after the service hereof, exclusive of the day of service at 12019 Ocean Highway, Post Office Box 1885, Pawleys Island, South Carolina 29585.

YOU ARE HEREBY GIVEN NOTICE FURTHER that, if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                **HOPKINS LAW FIRM, LLC**

                                                *s/ J. Clay Hopkins*
                                                J. Clay Hopkins (SC Bar #102053)
                                                12019 Ocean Highway
                                                Post Office Box 1885
                                                Pawleys Island, South Carolina 29585
                                                (843) 314-4202 – Telephone
                                                (843) 314-9365 – Facsimile
                                                clay@hopkinsfirm.com

Pawleys Island, South Carolina

August 24, 2022

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| | CIVIL ACTION NO.: 2022-CP-26-05424 |
| Donna M. Perry, | |
| Plaintiff, | **COMPLAINT** |
| v. | (Jury Trial Demanded) |
| Costco Wholesale Corporation, | |
| Defendant. | |

Donna M. Perry ("Plaintiff"), complaining of Costco Wholesale Corporation ("Defendant"), would allege and show as follows:

## NATURE OF THE CASE

1. This action arises out of injuries sustained on or about September 2, 2021 while on premises owned, maintained and operated by Defendant.

2. Plaintiff seeks monetary relief from Defendant for its negligent, grossly negligent, and reckless violation of duties owed to Plaintiff, including Defendant's duties to maintain the premises in a reasonably safe condition, and to warn against and eliminate known dangers and unreasonable risks.

## PARTIES

3. Plaintiff is a citizen and resident of Georgetown County, South Carolina.

4. Defendant is a corporation organized and existing under the laws of the State of Washington, and it owns, operates, and maintains a business located at 1021 Oak Forest Lane, Myrtle Beach, South Carolina ("the Premises") which is a members-only warehouse which sells bulk groceries, electronics, and other retail items.

## JURISDICTION AND VENUE

5. Venue and jurisdiction are proper in the Circuit Court of Horry County because the most substantial part of the acts or omissions giving rise to Plaintiff's cause(s) of action occurred in Horry County, and this is where Defendant's business is located.

## FACTS

6. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

7. On or about September 2, 2021, Plaintiff was visiting the Premises owned, operated, and maintained by Defendant. Upon entering the refrigerated dairy area, Plaintiff was met by a yellow caution sign in front of and to the right of three (3) large barrels. Because these barrels were at capacity, the water falling from the ceiling was splashing up and out onto the cement floor causing standing water. Plaintiff went around and beyond the barrels to get to the eggs. Plaintiff, upon reaching for a carton of eggs, slipped in a large, unseen pool of water on the cement floor which caused her to slip and fall down into a split position and land on her left knee right hip/buttock area. There was no warning sign, cone or other indication of the large area of water located past the barrels and caution sign. Plaintiff's drawing of the area is attached hereto as **Exhibit A**.

8. The aforesaid conditions constituted a hazardous, dangerous and/or defective condition of the Premises.

9. Defendant either created the hazardous, dangerous, and/or defective condition, or it had actual or constructive knowledge of the hazardous, dangerous, and/or defective condition, and failed to correct it despite reasonable opportunity to do so.

10. As a result, Plaintiff has incurred medical expenses, pain and suffering, permanent disability and stress, embarrassment, and mental distress as a result of the acts and/or omissions of Defendant.

### FOR A FIRST CAUSE OF ACTION
### (Premises Liability – Negligence as to an Invitee)

11. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

12. Plaintiff was a business invitee on the premises and at all times relevant to this action was on Defendant's property with the express and/or implied permission of Defendant and for the purpose of benefitting Defendant.

13. By operating a property and facility open to the public, Defendant owed its business invitees, including Plaintiff, a duty of care to discover risks and dangerous conditions and to take safety precautions to either eliminate unreasonable risks or properly warn of such risks and dangers and to not create unreasonably dangerous or hazardous conditions without proper precautions and warnings.

14. At the time and place described above, Defendant breached the duty of care it owed Plaintiff and was negligent. Specifically, Defendant's conduct was negligent in one or more of the following particulars:

    a. In failing to exercise ordinary care to maintain and keep its property in a reasonably safe condition for use by its business invitees;

    b. In failing to warn Plaintiff of the dangerous condition of the property when it could have easily done so;

    c. In failing to implement preventive measures, procedures or policies designed to eliminate or reduce such dangerous conditions and the hazards posed therefrom;

    d. In failing to exercise the reasonable care, skill and prudence

ELECTRONICALLY FILED - 2022 Aug 24 4:02 PM - HORRY - COMMON PLEAS - CASE#2022CP2605424

ELECTRONICALLY FILED - 2022 Aug 24 4:02 PM - HORRY - COMMON PLEAS - CASE#2022CP2605424

exercised by an ordinary, reasonable retail property owner, operator, lessee and property manager under the circumstances;

e. In failing to properly remedy the dangerous condition after it knew or should have known, through reasonable diligence, that the dangerous condition existed;

f. In failing to properly supervise, instruct, train and discipline its employees in the manner in which to inspect and discover and report and reduce such hazards;

g. In improperly and negligently designing the property area;

h. In improperly and negligently maintaining the property area;

i. In causing the dangerous condition to exist;

j. In failing to obey the laws, statutes, regulations and ordinances then and there prevailing;

k. In failing to protect the safety and interests of Plaintiff; and

l. In such other particulars as the evidence produced in discovery and at trial may show.

15. As a direct and proximate result of Defendant's negligence in regards to this incident, Plaintiff has suffered severe physical and psychological injuries, pain and suffering, temporary and/or permanent physical and psychological limitations, embarrassment, anxiety, stress, emotional upset, emotional pain and suffering, substantial medical bills, and other injuries.

16. Upon information and belief, Plaintiff is entitled to judgment against Defendant for actual and punitive damages for its negligence.

## FOR A SECOND CAUSE OF ACTION
**(Premises Liability – Gross Negligence and/or Recklessness as to an Invitee)**

17. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

ELECTRONICALLY FILED - 2022 Aug 24 4:02 PM - HORRY - COMMON PLEAS - CASE#2022CP2605424

18. At the time and place described above, Defendant breached the duty of care it owed Plaintiff and was grossly negligent, willful, wanton and/or reckless. Specifically, Defendant's conduct was grossly negligent, willful, wanton and/or reckless in one or more of the following particulars:

    a. In failing to exercise ordinary care to maintain and keep its property in a reasonably safe condition for use by its business invitees;

    b. In failing to warn Plaintiff of the dangerous condition of the property when it could have easily done so;

    c. In failing to implement preventive measures, procedures or policies designed to eliminate or reduce such dangerous conditions and the hazards posed therefrom;

    d. In failing to exercise the reasonable care, skill and prudence exercised by an ordinary, reasonable retail property owner, operator, lessee and property manager under the circumstances;

    e. In failing to properly remedy the dangerous condition after it knew or should have known, through reasonable diligence, that the dangerous condition existed;

    f. In failing to properly supervise, instruct, train and discipline its employees in the manner in which to inspect and discover and report and reduce such hazards;

    g. In improperly and negligently designing the property area;

    h. In improperly and negligently maintaining the property area;

    i. In causing the dangerous condition to exist;

    j. In failing to obey the laws, statutes, regulations and ordinances then and there prevailing;

    k. In failing to protect the safety and interests of Plaintiff; and

    l. In such other particulars as the evidence produced in discovery and at trial may show.

19. As a direct and proximate result of Defendant's gross negligence, willful,

wanton and/or reckless conduct in regard to this incident, Plaintiff has suffered severe physical and psychological injuries, pain and suffering, temporary and/or permanent physical and psychological limitations, embarrassment, anxiety, stress, emotional upset, emotional pain and suffering, substantial medical bills, and other injuries.

20. Upon information and belief, Plaintiff is entitled to judgment against Defendant for actual and punitive damages for their gross negligence, willful, wanton and/or reckless conduct.

**WHEREFORE**, having set forth her Complaint, Plaintiff would respectfully request judgment against Defendant for actual damages, punitive damages, costs, attorney's fees, and any other relief the Court may deem just and equitable.

Plaintiff hereby demands a trial by jury.

**HOPKINS LAW FIRM, LLC**

*s/ J. Clay Hopkins*
J. Clay Hopkins  (Fed. ID #12147)
clay@hopkinsfirm.com
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
(843) 314-4202 – Telephone
(843) 314-9365 – Facsimile

*Attorneys for Plaintiff*

Pawleys Island, South Carolina

August 24, 2022

ELECTRONICALLY FILED - 2022 Aug 24 4:02 PM - HORRY - COMMON PLEAS - CASE#2022CP2605424

ELECTRONICALLY FILED - 2022 Aug 24 4:02 PM - HORRY - COMMON PLEAS - CASE#2022CP2605424

# EXHIBIT A

ELECTRONICALLY FILED - 2022 Aug 24 4:02 PM - HORRY - COMMON PLEAS - CASE#2022CP2605424

(Hand-drawn diagram showing:
- "Wall of eggs/fell"
- "puddle of entire H" with arrow
- Three circles labeled "1st barrel", "2nd barrel", "3rd barrel"
- "caution sign"
- Footprints trail curving around the barrels
- "Opening 5a"
- "5a whites"
- "Almond milk"
- "milk")