IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Donna M. Perry, ) | Civil Action No.: 4:22-cv-03250-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER OF REMAND** |
| ) | |
| Costco Wholesale Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Under 28 U.S.C. § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal statutes are strictly construed against removal, and any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993). In addition, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In Re Blackwater Security Consulting, LLC,* 460 F.3d 576, 583 (4th Cir. 2006) (citation omitted). This includes establishing compliance with the removal statute requirements. *See Marler v. Amoco Oil Co.,* 793 F. Supp. 656, 658-59 (E.D.N.C. 1992). Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court. *Id.* Thus, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994).

In the instant matter, Defendant removed this case from the South Carolina Court of Common Pleas for Horry County pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant based federal jurisdiction on diversity jurisdiction pursuant to §1332.

On October 3, 2022, the parties filed a stipulation indicating that the damages did not exceed $75,000.00. The parties further stipulated that Plaintiff would not seek more than $75,000.00 unless the amount in controversy changed and she amended her complaint within one year after removal.

Based on the foregoing, it appears that this Court lacks subject matter jurisdiction and remand is appropriate at the present time.

## Conclusion

For the reasons stated above, this case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Horry County, South Carolina. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Horry County Court of Common Pleas.

**IT IS SO ORDERED.**

October 5, 2022                                  s/ R. Bryan Harwell
Florence, South Carolina                         R. Bryan Harwell
                                                 Chief United States District Judge